IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| DURAFIBER TECHNOLOGIES (DFT) INC., et al.,[1] | Case No. 17-12143 (CSS) (Jointly Administered) |
| Debtors. | Re: Dkt. No. 18 |

### ORDER ESTABLISHING CERTAIN PROCEDURES FOR THE SALE OR ABANDONMENT OF DE MINIMIS ASSETS PURSUANT TO SECTIONS 105(a), 363 AND 554 OF THE BANKRUPTCY CODE BANKRUPTCY RULES 2002, 6004 AND 6007

Upon the motion (the "Motion")[2] of David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (collectively, the "Debtors"), for entry of an order pursuant to sections 105(a), 363 and 554 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6007 authorizing the Trustee to (i) implement the De Minimis Sale Procedures and Abandonment Procedures and (ii) consummate sales and transfers of De Minimis Assets free and clear of all Liens or abandon such De Minimis Assets, without the need for further Court approval, all as further described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: DuraFiber Technologies (DFT), Inc. (4879); DuraFiber Technologies (DFT) Enterprises, LLC (7294); DuraFiber Technologies (DFT) Group, Inc. (6892); DuraFiber Technologies (DFT) Holdings II, LLC (4643); DuraFiber Technologies (DFT) Mexico Services Intermediate II Corp. (6157); DuraFiber Technologies (DFT) Operations, LLC (1514); DuraFiber Technologies (DFT) Scottsboro, Inc. (4659); DuraFiber Technologies (DFT) Winfield, Inc. (9148); Ina Fibers Holding, LLC (2889); DSE Holding Corp. (3031); DuraFiber Technologies (DFT) Mexico Services Intermediate I Corp. (5900); DFT DuraFiber Technologies Holdings, Inc. (5953).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the circumstances, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is GRANTED to the extent provided herein.

2. Pursuant to Bankruptcy Code 363(b), the Trustee is authorized, but not directed, to sell or transfer the De Minimis Assets without any further order of the Court in accordance with the De Minimis Sale Procedures as follows:

> (a) The De Minimis Sale Procedures shall apply only to the sale of De Minimis Assets involving, in each case, the transfer of $500,000 or less in total consideration for such asset, as measured by the amount of cash or other consideration received by the Trustee on account of the asset being sold;
>
> (b) The Trustee shall be permitted to sell assets encumbered by liens or encumbrances only if those liens or encumbrances attach to the sale proceeds or the holders of those liens or encumbrances consent to the sale;
>
> (c) The Trustee shall file a notice of any proposed De Minimis Sale (a "Sale Notice") with the Court and serve the Sale Notice by electronic mail, facsimile, overnight courier, or hand delivery on the following parties: (a) the Office of the United States Trustee (attn.: Linda Casey; linda.casey@usdoj.com); (b) counsel for DFT2 Finance LLC(attn.: Neil Herman; neil.herman@morganlewis.com); (c) any party who has requested notice in these cases pursuant to Bankruptcy Rule 2002; and (d) any known affected creditor asserting a Lien, ownership interest, or other interest on or in any De Minimis Assets subject to the sale

(collectively, the "Notice Parties"). Solely to the extent the Trustee is reasonably able to identify three or more potential bidders for a De Minimis Asset, he will solicit at least three bids for such De Minimis Asset prior to filing a Sale Notice;

(d) With respect to any De Minimis Sale of $100,000 or less, the Notice Parties will have three (3) business days after service of a Sale Notice to file and serve any objections to a De Minimis Sale (the "Small Sale Notice Period");

(e) With respect to any De Minimis Sale of $100,001 and $500,000, the Notice Parties will have five (5) business days after service of a Sale Notice to file and serve any objections to a De Minimis Sale (the "Large Sale Notice Period" and together with the Small Sale Notice Period, the "Notice Periods").

(f) Any objections to a De Minimis Sale (each, an "Objection") must: (a) be in writing; (b) set forth the name of the objecting party; (c) provide the basis for the objection and the specific grounds therefor; (d) be filed with the Court; and (e) be served on the Notice Parties and on Archer & Greiner, P.C., 300 Delaware Ave, Suite 1100, Wilmington, DE 19801 (Attn: Alan M. Root, Esq.; aroot@archerlaw.com) as counsel to the Trustee (collectively, the "Objection Parties"), so as to be received by all such parties on or before 4:00 p.m. (Prevailing Eastern Time) on the last day of the applicable Notice Period (the "Objection Deadline");

(g) If no written Objection from any of the Notice Parties is received by the Trustee by the applicable Objection Deadline, then the Trustee is authorized to immediately consummate such sale;

(h) If an Objection to a De Minimis Sale is properly filed and served by the applicable Objection Deadline, then the De Minimis Asset(s) subject to the Objection shall only be sold upon either the consensual resolution of the Objection by the parties in question or further order of the Court. If no resolution to the Objection is reached, the Trustee shall schedule a hearing to consider the proposed sale of any De Minimis Assets subject to the Objection; and

(i) The Trustee shall provide a quarterly written report to the Court and the Notice Parties, beginning with the quarter ending after approval of the De Minimis Sale Procedures and each quarter thereafter, no later than 15 days after the end of each such quarter, concerning any such sales made during the preceding quarter pursuant hereto, including the names of the purchasing parties and the types and amounts of the sales.

3. The Sale Notice will include the following information with respect to a proposed De Minimis Sale:

    (a) A description of the asset proposed to be sold and its location;

    (b) The identity of the purchaser under the De Minimis Sale and any relationship such party has with the Debtors or the Trustee;

    (c) The identities of any parties known to the Trustee as holding Liens on the asset subject to the De Minimis Sale;

    (d) The material economic terms and conditions of the De Minimis Sale;[3] and

    (e) Instructions regarding the procedures to assert an Objection to the De Minimis Sale.

4. The Trustee may consummate a De Minimis Sale prior to expiration of the Notice Period if he obtains written consent to such De Minimis Sale from each Notice Party.

5. All buyers shall take assets sold by the Trustee pursuant to the De Minimis Sale Procedures "as is" and "where is," without any representations or warranties from the Trustee as to quality or fitness of such assets for either their intended or any particular purpose.

6. All buyers shall take assets sold by the Trustee pursuant to the procedures approved by this Order free and clear of liens, claims and encumbrances, pursuant to section 363(f) of the Bankruptcy Code. All such liens, claims and encumbrances shall attach to the proceeds of the sale with the same validity, extent and priority such Lien had immediately prior to the sale of the De Minimis Assets, subject to any rights and defenses of the Trustee and/or the estates with respect thereto.

7. To the extent the Trustee determines, in the reasonable exercise of his business judgment, that (a) any De Minimis Assets cannot be sold or otherwise transferred for value

---

[3] This information may be provided by attaching the applicable contract or contracts to the Sale Notice.

and/or (b) such De Minimis Assets are burdensome to the estates, the Trustee is authorized, but not directed, to abandon such De Minimis Assets without any further order of the Court in accordance with the Abandonment Procedures as follows:

(a) The Trustee shall provide written notice of the proposed abandonment (the "Abandonment Notice"), to the Notice Parties and any other party known to the Trustee (including any landlord) who may have a claim as a result of the proposed abandonment (collectively, the "Abandonment Notice Parties");

(b) The Abandonment Notice shall contain (i) a reasonably detailed description of the De Minimis Assets to be abandoned by the Trustee; (ii) the Trustee's reasons for such abandonment; and (iii) whether the proposed abandonment is to a specific person or entity;

(c) Abandonment Notice Parties will have until 4:00 p.m. (Eastern) on the tenth (10th) calendar day after the date of service of the Abandonment Notice to file and serve on the Objection Parties a written objection to the proposed abandonment;

(d) If no written objections from any of the Abandonment Notice Parties are filed with the Court within ten (10) calendar days after the date of receipt of such Abandonment Notice, then the Trustee shall be authorized to immediately proceed with the abandonment; and

(e) If a written objection from any Notice Party is filed with the Court within ten (10) days after receipt of such Abandonment Notice, then the relevant De Minimis Asset shall only be abandoned by the Trustee upon either the consensual resolution of the objection by the parties in question or further order of the Court after notice and a hearing.

8. To the extent applicable, the fourteen (14) day stay of Bankruptcy Rule 6004(h) is hereby waived, and this Order shall be effective immediately. Furthermore, all De Minimis Sales shall be deemed authorized pursuant to the terms of this Order and no further or additional waivers of the fourteen (14) day stay of Bankruptcy Rule 6004(h) shall be required for the Trustee to consummate a De Minimis Sale, subject to compliance with the procedures set forth in the De Minimis Sale Procedures.

9. All De Minimis Sales consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities are hereby authorized to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby; *provided, however*, that the Trustee shall be permitted to submit a proposed form of sale order for entry by the Court under certification of counsel if the Trustee, in his sole discretion, deems it to be necessary or desirable to effectuate any sale.

10. Nothing in this Order shall be construed to prevent the Trustee, in his sole discretion, from seeking this Court's approval at any time of any proposed sale after notice and an opportunity for a hearing.

11. The Trustee authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

12. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated October 20, 2017

                                THE HONORABLE CHRISTOPHER S. SONTCHI
                                UNITED STATES BANKRUPTCY JUDGE

213392988v2